## Miller, Appellant, v. McKeesport Connecting Railroad Company.

*Negligence—Railroads—Master and servant—Fellow servant.*

In an action against a railroad company by an employee to recover damages for personal injuries, it appeared that the plaintiff, a brakeman, was at the time of the accident operating a switch, near a curve, and that as a train of freight cars was passing, the rear car jumped the track and struck and injured the plaintiff. It appeared that the cars were coupled with links instead of bars. The testimony showed that they should have been coupled with bars. It appeared that the trainmen had made some search for bars, but not finding them took links instead. It appeared that there were in the yard several times as many bars as were needed, and that they could have been easily found if proper search had been made. *Held,* that plaintiff's injury was caused by the negligence of his fellow servant, and that he could not recover.

Argued Nov. 10, 1902. Appeal, No. 153, Oct. T., 1902, by plaintiff, from judgment of C. P. No. 2, Allegheny Co., Oct. T., 1900, No. 262, non obstante veredicto, in case of Jacob W. Miller v. McKeesport Connecting Railroad Company. Before MITCH-ELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before SHAFER, J.

At the trial it appeared that the plaintiff was injured on August 10, 1898, while employed as a brakeman by the defendant. At the time of the accident he was operating a switch near a curve, and as a train passed, the rear car jumped the track and struck and injured plaintiff. It appeared that the accident was caused by the trainmen using links instead of bars to couple cars. The evidence showed that there were plenty of bars in the yard not in use.

Verdict for plaintiff for $4,066, subject to the question of law reserved, whether there is any evidence entitling the plaintiff to recover.

On motion for judgment SHAFER, J., filed the following opinion:

There was a verdict for the plaintiff for damages for personal injuries, subject to the question of law reserved whether there was any evidence entitling the plaintiff to recover.

There is evidence to go to the jury to the effect that the plaintiff's injury was caused by the failure to use a connecting bar instead of a link in coupling the cars, one of which left the track and struck the plaintiff. There is also evidence that these bars were not furnished by the company in such quantities as to be convenient, and to be found at all times by the trainmen without a considerable search, and complaints were made of this to the superintendent of the defendant company. The method of furnishing them was to distribute them on the ground along the tracks at various points, and to keep the surplus in a box at the stock house. They were made on the premises by blacksmiths at two different shops, a mile or so apart. The evidence of the plaintiff also shows that there were some thirty or more of them in the yard somewhere at the time of the accident. Only a few were needed at any one time, as they were only used on sharp curves in two or more places in the yards. It was usual if none could be found elsewhere, to take them from the cars which were standing in the yards, upon which they had been previously used, although this involved considerable trouble.

The testimony of the brakeman of the train, the car of which caused the damage, is that he thought coupling bars ought to be used in coupling the train to go on that particular curve; that he hunted for one on the ground along the tracks, and at the stock house, and looked about the blacksmith shop, and not finding any, he and the remainder of the crew proceeded to couple the cars with ordinary links, and to run them back and forth over the curve.

The controlling question seems to be whether the cause of the injury was a failure on the part of the defendant to furnish connecting bars or the negligence of the crew of the train by

which the plaintiff was hurt in not finding some of the bars, which the plaintiff's evidence shows were in the yard, and using them in making up the train.    As the bars were not fixed appliances, but in the nature of portable tools, and such as the employees of the company were expected to hunt for in the yard and along the tracks, and as there were in the yard several times as many as were needed, and there is no evidence that they were in use, it seems to us that it was the duty of plaintiff's coemployees, who made up the train and operated it, to hunt for the bars until they found them, and then to use them, and that to attempt to run the cars without them, and thus expose the defendants' property and the lives of themselves and their coemployees to great danger, was negligence; if so, the plaintiff was injured by the negligence of his coemployee and cannot recover.

It is ordered that judgment be entered for the defendant, non obstanto veredicto.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

T. C. Jones, with him *John F. Calhoun* and *George A. Johnston*, for appellant.

W. B. Rodgers, for appellee.

Per Curiam, January 5, 1903 :

Judgment affirmed on the opinion of the court below on the point reserved.